**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF IOWA

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy  06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Identify Yourself

| | | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|---|
| **1.** | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Michael**<br>First name<br><br>**J.**<br>Middle name<br><br>**Prier**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | | |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-4514** | |

Debtor 1 **Michael J. Prier**  Case number *(if known)*

|   | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **4.** | **Your Employer Identification Number (EIN), if any.** | EIN | EIN |

**5. Where you live**

**1801 Wenrose Dr NE**
**North Liberty, IA 52317**
Number, Street, City, State & ZIP Code

**Johnson**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

■ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

**Affiliate case pending**

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1 **Michael J. Prier**   Case number *(if known)* _____

## Part 2: Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.
- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).
- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| | | | |
|---|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☐ No
- ■ Yes.

| | | |
|---|---|---|
| Debtor | **North Liberty Transportation, LLC** | Relationship to you | **Affiliate-Debtor is part-owner** |
| District | **Northern District of Iowa** | When **1/09/25** | Case number, if known **25-00025** |
| Debtor | | Relationship to you | |
| District | | When | Case number, if known |

**11. Do you rent your residence?**

- ■ No.   Go to line 12.
- ☐ Yes.   Has your landlord obtained an eviction judgment against you?
  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1  **Michael J. Prier**  Case number *(if known)* _____

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____
Number, Street, City, State & Zip Code

| Debtor 1 | Michael J. Prier | Case number *(if known)* | |
|---|---|---|---|

### Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☒ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

    ☐ **Incapacity.**
    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**
    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**
    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1 **Michael J. Prier**  Case number *(if known)*

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- ☒ No. Go to line 16b.
- ☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- ☐ No. Go to line 16c.
- ☒ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

- ☐ No. I am not filing under Chapter 7. Go to line 18.
- ☒ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

- ☒ No
- ☐ Yes

**18. How many Creditors do you estimate that you owe?**

- ☒ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☒ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☒ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Michael J. Prier
**Michael J. Prier**
Signature of Debtor 1

Signature of Debtor 2

Executed on **December 12, 2025**
MM / DD / YYYY

Executed on
MM / DD / YYYY

| | |
|---|---|
| Debtor 1 **Michael J. Prier** | Case number *(if known)* |

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Steven G. Klesner**
Signature of Attorney for Debtor

Date **December 12, 2025**
MM / DD / YYYY

**Steven G. Klesner**
Printed name

**Fitzgerald, Klesner, and Pavelich, PLC**
Firm name

**373 Scott Ct, Ste B**
**PO Box 3400**
**Iowa City, IA 52244**
Number, Street, City, State & ZIP Code

Contact phone **(319) 338-9852**    Email address **steve@iclawfirm.com**

**AT0004271 IA**
Bar number & State

Fill in this information to identify your case:

Debtor 1     **Michael J. Prier**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Northern District of Iowa

Case number
(if known)

Check one box only as directed in this form and in Form 122A-1Supp:

■ 1. There is no presumption of abuse

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

# Official Form 122A - 1
## Chapter 7 Statement of Your Current Monthly Income     12/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

### Part 1: Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married**. Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you. You and your spouse are:**

   ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

   ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | *Column A* Debtor 1 | *Column B* Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ | $ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ | $ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ | $ |

5. **Net income from operating a business, profession, or farm**

   | | Debtor 1 | | |
   |---|---|---|---|
   | Gross receipts (before all deductions) | $ | | |
   | Ordinary and necessary operating expenses | -$ | | |
   | Net monthly income from a business, profession, or farm | $ | Copy here -> $ | $ |

6. **Net income from rental and other real property**

   | | Debtor 1 | | |
   |---|---|---|---|
   | Gross receipts (before all deductions) | $ | | |
   | Ordinary and necessary operating expenses | -$ | | |
   | Net monthly income from rental or other real property | $ | Copy here -> $ | $ |

| 7. **Interest, dividends, and royalties** | $ | $ |
|---|---|---|

|   |   | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|

8. **Unemployment compensation** $ _____    $ _____

   Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

   For you                $ _____
   For your spouse    $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.    $ _____    $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below..

    . _____    $ _____    $ _____
    _____    $ _____    $ _____

    Total amounts from separate pages, if any.   + $ _____    $ _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $ _____ + $ _____ = $ _____

    **Total current monthly income**

| Part 2: | Determine Whether the Means Test Applies to You |
|---|---|

12. **Calculate your current monthly income for the year.** Follow these steps:

    12a. Copy your total current monthly income from line 11 ............ **Copy line 11 here=>**    $ _____

    Multiply by 12 (the number of months in a year)    **x 12**

    12b. The result is your annual income for this part of the form    12b. $ _____

13. **Calculate the median family income that applies to you.** Follow these steps:

    Fill in the state in which you live.    [    ]

    Fill in the number of people in your household.    [    ]

    Fill in the median family income for your state and size of household. ............    13. $ _____

    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

    14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse*.
    Go to Part 3. Do NOT fill out or file Official Form 122A-2.

    14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2*.
    Go to Part 3 and fill out Form 122A–2.

| Part 3: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X  **/s/ Michael J. Prier**
   **Michael J. Prier**
   Signature of Debtor 1

Date **December 12, 2025**
     MM / DD / YYYY

Debtor 1 **Michael J. Prier** Case number (*if known*)

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

Fill in this information to identify your case:

Debtor 1: **Michael J. Prier**

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Iowa

Case number _____
(if known)

☐ Check if this is an amended filing

## Official Form 122A - 1Supp
## Statement of Exemption from Presumption of Abuse Under § 707(b)(2)  12/15

**File this supplement together with** *Chapter 7 Statement of Your Current Monthly Income* **(Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 If you believe that this is required by 11 U.S.C. § 707(b)(2)(C).**

### Part 1: Identify the Kind of Debts You Have

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 1).

   ■ No. Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

   ☐ Yes. Go to Part 2.

### Part 2: Determine Whether Military Service Provisions Apply to You

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?
   ☐ No. Go to line 3.
   ☐ Yes. Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).
      ☐ No. Go to line 3.
      ☐ Yes. Go to Form 122A-1: on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**
   ☐ No. Complete Form 122A-1. Do not submit this supplement.
   ☐ Yes. Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).
      ☐ No. Complete Form 122A-1. Do not submit this supplement.
      ☐ Yes. Check any one of the following categories that applies:

         ☐ **I was called to active duty after September 11, 2001**, for at least 90 days and remain on active duty.

         ☐ **I was called to active duty after September 11, 2001**, for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

         ☐ **I am performing a homeland defense activity for at least 90 days.**

         ☐ **I performed a homeland defense activity for at least 90 days**, ending on _____, which is fewer than 540 days before I file this bankruptcy case.

If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, *The Means Test does not apply now*, and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The *exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).

If your exclusion period ends before your case is closed, you may have to file an amended form later.

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

You are an individual filing for bankruptcy, and

Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

|   | $1,167 | filing fee |
|---|---|---|
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

> **Read These Important Warnings**
>
> **Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**
>
> **Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**
>
> **You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**
>
> **Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Chapter 12: Repayment plan for family farmers or fishermen**

```
        $200   filing fee
+        $78   administrative fee
        $278   total fee
```

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

**Chapter 13: Repayment plan for individuals with regular income**

```
        $235   filing fee
+        $78   administrative fee
        $313   total fee
```

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

> **Warning: File Your Forms on Time**
>
> Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.
>
> For more information about the documents and their deadlines, go to:
> http://www.uscourts.gov/forms/bankruptcy-forms

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Alternate Funding
2941 NW 62nd Street, Suite 201
Fort Lauderdale, FL 33309


American Express
PO Box 96001
Los Angeles, CA 90096-8000


Amex
Correspondence/Bankruptcy
Po Box 981535
El Paso, TX 79998


BCA Capital
100 Oceanside Drive
Nashville, TN 37204


Big Rig Lending
4715 6th Street SW
Cedar Rapids, IA 52404


Brannon Stephany
3050 Metro Drive Ste 115
Bloomington, MN 55425-1678


Capital One
AttN: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Citi Card/Best Buy
Attn: Citicorp Cr Srvs Centralized Bankr
Po Box 790040
St Louis, MO 36179

Citibank
Attn: Bankruptcy Department
P.O.Box 790046
St. Louis, MO 63179


Concora Credit
Genesis FS Card Services
Po Box 4477
Beaverton, OR 97076


Corcentric
200 Lake Drive East, Suite 200
Cherry Hill, NJ 08002


Eminent Funding LLC
369 Lexington Avenue, 2nd & 3rd Floors
New York, NY 10017


Family Funding Group LLC
1021 38th Street
Brooklyn, NY 11219


Fnb Omaha
Attn: Bankruptcy
P.O. Box 3128
Omaha, NE 68103


Ford Motor Credit
PO Box 35910
Cleveland, OH 44135-0910


GreenState Credit Union
Attn: Bankruptcy
P.O.Box 800
North Liberty, IA 52317

Hills Bank And Trust Co
Po Box 70
Hills, IA 52235


Hills Bank and Trust Co
131 Main St
Hills, IA 52235


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


Jeffrey A. Braverment as Trustee of the
Jeffrey A. Braverman Rovacable Trust
c/o Roy Leaf
625 First Street, Ste 400
Cedar Rapids, IA 52401


Jesse Campell


Jesse Campell
1007 Thomas Circle
Tiffin, IA 52340


Lendocity Capital
29 W 36th St
New York, NY 10018


Liquidity Access LLC
25 Melville Park Road, Suite 60
Melville, NY 11747


Robert C. Gainer
Cutler Law Firm
1307 50th Street
West Des Moines, IA 50266

Robinhood Credit
548 Market St
San Francisco, CA 94104


Roy Leaf
NYEMASTER GOODE, P.C.
625 1st St SE
Cedar Rapids, IA 52401-2030


Sadler Machine Shop
4150 Thomas Drive SW
Cedar Rapids, IA 52404


Siobhan Briley
Pugh Hagan Prahm PLC
425 E Oakdale Blvd Ste 201
Coralville, IA 52241


Sunrise On Deck
4700 W Daybreak Pkwy, Suite 200
South Jordan, UT 84009


Syncb/Venmo
Attn: Bankruptcy
P.O. Box 965065
Orlando, FL 32896


Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896


Synchrony/PayPal Credit
Attn: Bankruptcy
Po Box 965064
Orlando, FL 32896

The Smarter Merchant
1115 Broadway, 11th Floor
New York, NY 10010



Thoro Corp
800 SE 4th Avenue, Suite 601
Hallandale, FL 33009



Toyota Financial Services
Attn: Bankruptcy
Po Box 22171
Tempe, AZ 85285



US Attorney (IRS)
111 Seventh Avenue SE, Box 1
Cedar Rapids, IA 52401



US Small Business Administration
1545 Hawkins Blvd, Suite 202
El Paso, TX 79925