## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br><br>MICHAEL J. PRIER,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-01418 |

## CONSENSUAL ORDER LIFTING THE AUTOMATIC STAY AND GRANTING RELATED RELIEF

The matter before the Court is the *Motion for Entry of Consent Order Lifting the Automatic Stay and Granting Related Relief* (the "Motion") filed by Jeffrey A. Braverman as trustee of the Jeffrey A. Braverman Revocable Trust dated July 2, 2013 (the "Trust");[1] and the Court having found it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in this district is proper pursuant to 28 U.S.C. § 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its creditors, and other parties in interest; and the Court having found that the Trustee provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is GRANTED as set forth herein.

2. For the reasons set forth in the Motion, the Trustee is granted relief from the automatic stay pursuant to Bankruptcy Code section 362(d) in order to proceed with the Foreclosure Action. The Trustee is authorized to proceed with seeking entry of the proposed

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

foreclosure judgment and decree in with the Iowa District Court for Johnson County in case number EQCV086776 and proceeding with foreclosure on the Real Estate owned by non-debtor NLT Holdings.

3. The Trustee shall not take any other collection actions outside of this Court against the Debtor without further relief from this Court.

4. The Motion satisfies the requirements of Bankruptcy Rule 4001.

5. This Order shall be effective immediately upon entry and the 10-day stay period provided for in Bankruptcy Rule 4001(a)(3) shall not apply.

6. The Debtor and Chapter 7 Trustee have consented to the relief in this Order.

7. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated and entered this __30__ day of __January__, 2026.

_____
Honorable Thad J. Collins, Chief Judge

ORDER PREPARED BY:
Roy Leaf
Nyemaster Goode P.C.
Counsel to Jeffrey A. Braverman Revocable Trust

APPROVED AS TO FORM AND CONTENT:

/s/ Steven Klesner

Steven Klesner
Fitzgerald, Klesner, & Pavelich PLC
Counsel to the Debtor


*/s/ Nicole Hughes*
Nicole Hughes
Telpner Peterson Law Firm, LLP
Chapter 7 Trustee