# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| In re: | Case No. 25-01418 |
| Michael J. Prier, | (Chapter 7) |
| Debtor. | Motion for Relief from Automatic Stay |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(Pursuant to 11 U.S.C. § 362(d)(1))

COMES NOW Viner Law Firm ("Movant"), by counsel, and pursuant to 11 U.S.C. § 362(d)(1) respectfully moves for relief from the automatic stay. In support, Movant states as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

2.    This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### II.    FACTUAL BACKGROUND

4.    Movant is counsel to Tracie D. Villhauer ("Villhauer") who is the former spouse of Debtor and each of which are parties to a dissolution action pending in the Iowa District Court for Johnson County (the "State Court") in a case bearing number CDDM018646 (the "Divorce Proceedings").

5.    The State Court entered multiple custody, visitation, and related orders governing the parties' post-dissolution obligations.

6.    After a contested evidentiary hearing, the State Court entered an Order Finding Debtor in Contempt of Court dated November 2, 2025 (the "Contempt Order"), expressly finding Debtor's violations to be willful.

7.      As part of the contempt sanctions, the State Court ordered Debtor to pay

Movant for Villhauer's reasonable attorney's fees incurred in enforcing compliance.

8.      On December 22, 2025, the State Court entered an Order Assessing

Attorney's Fees (the "<u>Attorney Fee Order</u>") directing Debtor to pay $7,225.50 directly

to Movant.

9.      Debtor thereafter filed the above-captioned bankruptcy case, giving rise

to the automatic stay under 11 U.S.C. § 362(a).

10.     Movant has commenced (or will contemporaneously commence) an

adversary proceeding seeking a determination that the attorney-fee obligation is

nondischargeable under 11 U.S.C. §§ 523(a)(6) and (a)(15).

III.    BASIS FOR RELIEF — "CAUSE" EXISTS UNDER § 362(d)(1)

11.     Section 362(d)(1) permits relief from stay "for cause," a determination

committed to the Court's discretion.

12.     Cause exists here for several independent reasons:

A.      <u>Domestic Relations and Comity</u>

13.     Federal courts consistently grant stay relief to allow state courts to

enforce family-law orders, particularly contempt and compliance remedies,

recognizing such state court's expertise and ongoing supervisory role.

14.     The requested relief would allow the State Court to enforce its own

contempt orders without interfering with the bankruptcy court's jurisdiction over

dischargeability.

B.    Judicial Economy and Efficiency

15.    The State Court has already adjudicated the underlying facts, entered detailed findings, and retained jurisdiction over compliance.

16.    Requiring Movant to relitigate contempt enforcement issues before this Court would be inefficient and risk inconsistent rulings.

C.    No Prejudice to the Estate

17.    Movant does not seek relief to pursue general collection against estate property beyond what the State Court has already ordered.

18.    The issue of dischargeability will be determined by this Court in the pending adversary proceeding.

19.    Stay relief will not impair orderly administration of the bankruptcy estate.

D.    Nature of the Debt

20.    The obligation arises from willful contempt of domestic-relations orders and is the type of debt frequently determined to be nondischargeable.

21.    Allowing enforcement to proceed promotes respect for court orders and discourages misuse of the bankruptcy process as a shield against contempt sanctions.

IV.    SCOPE OF REQUESTED RELIEF

22.    Movant seeks limited relief from the automatic stay solely to permit:

(a)    Enforcement of the Contempt Order and the Attorney Fee Order;

(b)    Any related compliance, purge, or enforcement proceedings in State Court; and

(c)    Entry of further orders necessary to effectuate those rulings.

23.     Movant does not seek a determination of dischargeability in the State

Court or relief inconsistent with this Court's jurisdiction.

V.     CONCLUSION

24.     For the foregoing reasons, Movant respectfully requests that the Court

grant relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1).

WHEREFORE, Movant prays that the Court enter an order granting relief

from the automatic stay consistent with the proposed order submitted herewith and

for such other relief as the Court deems just and proper.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
                 Frontenac, MO 63131
Physical: 222 Third Ave. SE
                 Suite 501, Office 6
                 Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
           *Attorney for Plaintiff*

---

**Certificate of Service**
    I certify that I caused the foregoing to be filed with the CM/ECF on March 4, 2026, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*