# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: Michael J. Prier, | ) | Case No. 25-01418 |
| Debtor, | ) | (Chapter 7) |
| Viner Law Firm, | ) | Adv. Proc. No. [_____] |
| Plaintiff, | ) | |
| Michael J. Prier, | ) | COMPLAINT |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**
(11 U.S.C. §§ 523(a)(15) and 523(a)(6))

I. JURISDICTION AND VENUE

1. This adversary proceeding arises under section 523 of title 11 of the United States Code (the "Bankruptcy Code") and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises in and relates to Defendant's pending bankruptcy case.

II. PARTIES

4. Plaintiff Viner Law Firm is a law firm principally located in the State of Iowa and is a creditor of the Defendant.

5. Defendant Michael J. Prier is the debtor in the above-captioned bankruptcy case.

6. Tracie D. Villhauer ("Villhauer") is an individual residing in the State of Iowa and is represented by Plaintiff in a dissolution of marriage proceeding in the Iowa District Court for Johnson County (the "State Court") bearing case number CDDM018646 (the "Divorce Proceeding").

III. FACTUAL ALLEGATIONS

7. Villhauer and Defendant are former spouses and were parties to the Divorce Proceeding.

8. The Divorce Proceeding resulted in State Court-approved stipulations and orders governing custody, visitation, and related obligations.

9. Defendant repeatedly and willfully violated those State Court orders by refusing to facilitate Villhauer's court-ordered visitation and communication with the parties' minor child.

10. Plaintiff's damages include loss of court-ordered parenting time, interference with custodial rights, and forced litigation to restore those rights.

11. On November 2, 2025, after a contested evidentiary hearing, the State Court entered a detailed Order Finding Defendant in Contempt of Court (the "Contempt Order").

12. The Iowa court's contempt finding necessarily determined that the debtor intentionally violated a known court order with bad purpose and in wanton disregard of the plaintiff's rights. Those findings satisfy both the "willful" and "malicious" elements of Bankruptcy Code Section 523(a)(6), and they were made under a burden of proof exceeding that required in nondischargeability proceedings. Issue preclusion therefore applies.

13. As punishment for contempt, the State Court imposed coercive sanctions and expressly ordered Defendant to pay Villhauer's reasonable and necessary attorney's fees incurred in prosecuting the contempt proceedings.

14. On December 22, 2025, the Iowa District Court entered a separate Order Assessing Attorney's Fees (the "Attorney Fee Order"), directing Defendant to pay $7,225.50 directly to Plaintiff.

15. The attorney's fee award arises solely from Defendant's willful contemptuous conduct and violations of State Court-ordered family law obligations.

16. Defendant subsequently filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

17. Plaintiff files this adversary proceeding seeking a determination that the attorney's fee debt is not dischargeable.

IV.                                COUNT I
**Nondischargeability Under Bankruptcy Code Section 523(a)(15)**
(Debt Incurred in Connection With Divorce)

18. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19. The Contempt Order arises inside a dissolution case, enforces the custody provisions of the decree, and imposes fees because of violation of such decree.

20. Thus, the debt at issue was incurred in the course of and in connection with a divorce and related orders of the State Court.

21. Further, the debt is owed to a former spouse and is not a domestic support obligation.

22. Bankrupty Code Section 523(a)(15) excepts such debts from discharge.

23. Accordingly, the attorney's fee debt is nondischargeable under Bankruptcy Code Section 523(a)(15).

V.                                            COUNT II
**Nondischargeability Under Bankruptcy Code Section 523(a)(6)**
(Willful and Malicious Injury)

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

25. Bankruptcy Code Section 523(a)(6) excepts from discharge debts for willful and malicious injury by the debtor to another entity.

26. Defendant's repeated and intentional violations of court-ordered visitation and communication obligations constitute willful and malicious conduct.

27. The Iowa District Court expressly found Defendant's conduct to be willful beyond a reasonable doubt.

28. Villhauer suffered injury as a direct and proximate result of Defendant's conduct, including the necessity of incurring attorney's fees to enforce orders of the State Court.

29. Attorney's fees awarded as a consequence of willful and malicious conduct are themselves nondischargeable under Bankruptcy Code Section 523(a)(6).

30. Accordingly, the debt arising from the Attorney Fee Order is nondischargeable under Bankruptcy Code Section 523(a)(6).

[*Remainder of Page Intentionally Left Blank;*
*Prayer for Relief, Signature, and Certificate of Service Follows*]

VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (A) determine that the debt evidenced by the Attorney Fee Order in the amount of $7,225.50 is nondischargeable pursuant to Bankruptcy Code Section 523(a)(15) or Bankruptcy Code Section 523(a)(6); (B) award Plaintiff costs and attorney's fees incurred in this adversary proceeding to the extent permitted by law; and (C) grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
         Frontenac, MO 63131
Physical: 222 Third Ave. SE
         Suite 501, Office 6
         Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Plaintiff*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with the CM/ECF on March 4, 2026, and mailed, to the parties below and as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

| | |
|---|---|
| Michael Prier<br>1801 Wenrose Dr NE<br>North Liberty, IA 52317 | Fitzgerald, Klesner, and Pavelich, PLC<br>Attn: Steven G. Klesner<br>373 Scott St, Ste B, P.O. Box 3400<br>Iowa City, IA 52244 |

*Eric J Langston*